BRENDLSON, Respondent, vs. ED. SCHUSTER & Co., INC., Appellant.

*May 2—June 19, 1918.*

*Negligence: Operation of passenger elevator: Mechanical impossibility: Veracity of witnesses: Question for jury.*

In an action for injuries alleged to have been caused by negligent operation of an elevator in defendant's store, plaintiff and another witness testified positively that the elevator was suddenly set in motion while the doors were open and passengers were leaving it. It was shown that it was a mechanical impossibility to move the elevator while the doors were open, except by the use of an emergency electric button which was ordinarily covered by a glass plate held in position by screws, and two witnesses for defendant testified that such covering was in proper position at the time of the accident. *Held,* that the question of the veracity of the witnesses for the respective parties was involved and was for the jury.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The defendant conducts a department store in the city of Milwaukee. On June 11, 1917, the plaintiff, accompanied by one Mrs. Stockman, was shopping in said store, and, for the purpose of reaching the second floor, made use of one of the elevators operated therein. She and Mrs. Stockman testified that the elevator stopped about a foot below the level of the floor; that Mrs. Stockman attempted to leave the elevator while it was in such position; that the operator of the elevator, without closing the doors and without any warning, suddenly set the elevator in motion for the purpose of bringing it to a level with the floor, throwing Mrs. Stockman through the door and giving plaintiff a sudden jerk which threw her against the side of the elevator, as a result of which she sustained certain injuries, for which she brings this action. She claims negligence on the part of the operator of

the elevator in unexpectedly setting the same in motion when the doors were open and passengers were leaving the same.

It rather conclusively appears that the elevator is so constructed as to make it impossible to move the same either up or down while the doors are open. The doors are opened by a lever, which disengages a knife-and-fork switch, so that the moment the doors are opened the knife pulls out of the fork, disconnecting the power, setting the brakes, and rendering the elevator inert. This safety device was placed on the elevator for the purpose of preventing it from being moved while the doors were open and to prevent accidents similar to the one claimed to have occurred. It further appears, however, that there is an electric button located beneath a glass plate covering the same, by means of which the elevator can be used when the doors are open. This was placed on the elevator to be used in cases of emergency. It cannot be reached, used, or manipulated when the glass covering is on. The glass covering may be broken or taken off by removing the screws which hold it in position. It appeared in evidence that this glass covering was generally removed when the elevator was being greased or repaired; and at such times, by use of the electric button, it moved freely up and down when the doors were open. The elevator operator and the store electrician testified positively that this glass plate or covering was in its proper position at the time of the accident.

The case was tried in the civil court of Milwaukee county, where a verdict was directed in favor of the defendant. Plaintiff appealed to the circuit court, where the judgment of the civil court was reversed and a new trial ordered. From this order of the circuit court defendant appealed to this court.

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Raymond J. Cannon,* and oral argument by *Mr. Cannon* and *Mr. W. L. Gold,* both of Milwaukee.

OWEN, J.    The order of the circuit court reversing the judgment of the civil court and ordering a new trial in the circuit court must be affirmed.  The record discloses a question for the jury.    Plaintiff and her companion, Mrs. Stockman, testified positively that the elevator moved while the doors were open.    Defendant contends that it effectually and conclusively met this testimony by showing that the construction of the elevator rendered it a mechanical impossibility to move the elevator while the doors were open, thus bringing the case within the doctrine of *Kalman v. Pieper,* 158 Wis. 487, 149 N. W. 203, and cases cited in the opinion therein, wherein it is held that a *prima facie* case of negligence grounded upon an abnormal movement of a machine is fully overcome by proof that the machine was in a proper state of repair, and that, under such circumstances, the movement claimed to have resulted in injury could not have occurred. This contention would have to be accepted if it were not for the further evidence in this case that the elevator would move up or down by use of the electric button located beneath the glass covering.    True, Kaestner, the operator of the elevator, and Rutzen, the engineer and electrician for the defendant company, testified that the glass covering was in proper position at the time of the accident.    Whether it was or not depends upon the truth of their testimony.    If the testimony of the plaintiff and Mrs. Stockman be true, it is reasonably certain that the glass covering was not in proper position.    On the other hand, if the glass covering was in proper position, the testimony of the plaintiff and Mrs. Stockman to the effect that the elevator was moved while the doors were open, is untrue. We can see in the case nothing but a clear question of veracity between the witnesses who say that the elevator moved while the doors were open and those witnesses who testify that the

glass covering was in its proper position at the time of the accident. The question of which are to be believed is for the jury. The court is not acting within its proper judicial province when it directs a verdict under such circumstances.

*By the Court.*—Order affirmed.